# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-23672-GAYLES

**ABEL A. OLIVEROS,**

    Plaintiff,

v.

**AT&T TELECOMMUNICATIONS**,

    Defendant.
_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

**THIS CAUSE** came before the Court *sua sponte*. Plaintiff Abel A. Oliveros, appearing *pro se*, filed a Complaint ("Complaint") [ECF No. 1] and motion to proceed *in forma pauperis* [ECF No. 3] on October 6, 2017. Pursuant to the screening provisions of 28 U.S.C. § 1915(e), the court must dismiss a case if it determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon initial screening, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). "A complaint fails to state a claim if it fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Smith v. Attorney Gen.*, 637 F. App'x 574, 574 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of

circumstances." Fed. R. Civ. P. 10(b). A party should also state its claims in separate counts to promote clarity. *Id.*

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (citation omitted). "However, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (citations and internal quotation marks omitted).

Plaintiff's Complaint attempts to allege a claim sounding in employment discrimination or retaliation. However, from the allegations in the Complaint the Court cannot discern what causes of action are being alleged by Plaintiff or what relief is being sought by Plaintiff. *See* Fed. R. Civ. P. 8(a). In addition, the Court notes that Plaintiff's Complaint has failed to comply with Rule 10(b) as none of the paragraphs are numbered and none of the claims are set out in separate counts. Furthermore, and most importantly, Plaintiff has not articulated a legal basis for the Court to exercise jurisdiction over his claims. *See* Fed. R. Civ. P. 8(a).

Consequently, the Court is authorized under 28 U.S.C. § 1915(e)(2)(B)(ii) to dismiss the action. Accordingly, it is

**ORDERED AND ADJUDGED** that this case is **DISMISSED without prejudice** and Plaintiff is granted leave to file an amended complaint within twenty (20) days of the entry of this Order. Failure to file an amended complaint within the specified period will result in the dismissal

of this action with prejudice without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of October, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE